UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

QUEENS BEAUTY SUPPLY, LLC                    CIVIL ACTION NO. 22-3444

VERSUS                                        JUDGE GREG G. GUIDRY

INDEPENDENT SPECIALTY                         MAGISTRATE JUDGE DONNA
INSURANCE COMPANY                             PHILLIPS CURRAULT

## ORDER AND REASONS

The Court has before it Defendant Independent Specialty Insurance Company's ("ISIC")
Motion to Compel Arbitration in the above captioned-matter. R. Doc. 12. Plaintiff Queens Beauty
Supply, LLC ("Queens") has responded in opposition, R. Doc. 15, and ISIC has filed a reply
memorandum, R. Doc. 18. Having considered the parties' arguments and the applicable facts and
law, the Court will GRANT ISIC's Motion.

## I.      BACKGROUND

This case arises out of an insurance dispute between Queens and ISIC regarding surplus
lines insurance coverage for damage to a property leased by Queens in August of 2021 during
Hurricane Ida. R. Doc. 1-1 at 1–7. Queens filed suit against ISIC alleging breach of contract and
bad faith for failing to pay the full amount Queens contends it is owed for this damage. *Id.* ISIC
now moves this Court to hold that, under the terms of the arbitration clause in the insurance
contract (the "Contract") between the parties, Queens cannot proceed before this Court, but must
arbitrate its claims against ISIC. R. Doc. 12.

1

## II.     LAW AND ANALYSIS

As an initial matter, Queens argues that ISIC has waived its right to enforce the Contract's arbitration clause by its actions before this Court, including failing to opt-out of the settlement program this district has adopted for Hurricane Ida cases, participating in a scheduling conference and agreeing on a trial date for this matter, and not moving to compel arbitration until almost a year after Queens filed its complaint. R. Doc. 15 at 3. However, "[t]here is a strong presumption against finding a waiver of arbitration, and the party claiming that the right to arbitrate has been waived bears a heavy burden." *Republic Ins. Co. v. PAICO Receivables, LLC*, 383 F.3d 341, 344 (5th Cir. 2004) (citing *Subway Equip. Leasing Corp. v. Forte*, 169 F.3d 324, 326 (5th Cir. 1999)). As the Fifth Circuit has explained, to waive arbitration a party must "at the very least, engage in some overt act in court that evidences a desire to resolve the arbitrable dispute through litigation rather than arbitration." *Republic Ins.*, 383 F.3d at 344. Accordingly, "[a] party waives arbitration by seeking a decision on the merits before attempting to arbitrate." *Petroleum Pipe Ams. Corp. v. Jindal Saw, Ltd.*, 575 F.3d 476, 480 (5th Cir. 2009).

Here, ISIC has taken no overt act that evidences a desire to resolve the instant dispute through litigation rather than arbitration, nor has it sought from this Court any decision on the merits of Queens's claims. ISIC asserted as an affirmative defense to this action that Queens's claims are barred by the Contract's arbitration clause. R. Doc. 6 at 9. ISIC then participated in this district's settlement program for Hurricane Ida cases—which, if anything, evidences a desire to *settle* this dispute, not to resolve it by litigation.  Almost immediately after that settlement effort failed and the case was returned to this Court's docket for resolution by litigation, *see* R. Doc. 8,

ISIC filed the instant motion to compel arbitration. R. Doc. 12. These actions evidence ISIC's intention to enforce the arbitration clause.[1] Accordingly, ISIC has not waived this right.

Having determined that ISIC has not waived its right to enforce the arbitration clause, the Court will examine the merits of ISIC's Motion to Compel Arbitration. The parties agree that the Contract contains an arbitration clause which requires all matters in dispute between the parties in relation to the instant insurance policy to be resolved through arbitration. *See* R. Doc. 12-3 at 37. However, Queens argues that such an arbitration clause is prohibited under Louisiana law and is therefore unenforceable. R. Doc. 15 at 4–6. In support of this argument, Queens points to Louisiana Revised Statute 22:868.

In pertinent part, LA R.S. 22:868(A) states that "[n]o insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state, or any group health and accident policy insuring a resident of this state regardless of where made or delivered, shall contain any condition, stipulation, or agreement . . . [d]epriving the courts of this state of the jurisdiction or venue of action against the insurer." However, LA R.S. 22:868(D) provides an exception to that rule: "The provisions of Subsection A of this Section shall not prohibit a forum or venue selection clause in a policy form that is not subject to approval by the Department of Insurance."

Under Louisiana law, surplus lines insurance policies, like the instant policy Queens purchased from ISIC, are not subject to the approval of the Louisiana Department of Insurance. LA R.S. 22:446. Thus, the key question before the Court is whether the arbitration clause that ISIC

---

[1] Queens argues that ISIC's participation in a scheduling conference with this Court's case manager and agreement to a trial date evidences ISIC's intention to resolve this matter by litigation. However, ISIC's participation in this scheduling conference was court-ordered. *See* R. Doc. 11. The Court declines to find ISIC's compliance with an order of this Court to be an overt act taken by ISIC that evidences any desire to resolve this dispute through litigation.

seeks to enforce constitutes a "forum or venue selection clause[.]" If so, the arbitration clause is binding, and Queens must arbitrate its claims against ISIC. If not, the arbitration clause is prohibited by LA R.S. 22:868(D) and cannot be enforced.

The Louisiana Supreme Court has not ruled specifically on whether LA R.S. 22:868(A) prohibits arbitration clauses in surplus lines insurance policies, and there is a split in how Federal district courts sitting in Louisiana have decided this issue. *Compare Next Level Hospitality, LLC v. Independent Specialty Insurance Company*, 2023 WL 2771583 (W.D. La. 3/31/23) (finding arbitration clauses in surplus lines insurance contracts to be prohibited by LA R.S. 22:868(A)); *Fairway Village Condominiums v. Independent Specialty Insurance Company*, 2023 WL 2866944 (E.D. La. 4/10/23) (same) *with Ramsey v. Indep. Specialty Ins. Co.*, 2023 WL 5034646 (E.D. La. Aug. 8, 2023) (finding surplus lines insurance contracts not to be prohibited by LA R.S. 22:868(A)); *Bourgeois v. Indep. Specialty Ins. Co.*, 2023 WL 6644171 (E.D. La. Oct. 12, 2023) (same). However, as recently noted by another section of this Court, "[t]he United States Supreme Court has repeatedly recognized that an arbitration agreement is a *specialized kind of forum-selection clause*[.]" *Bourgeois*, 2023 WL 6644171, at *2 (quoting *Viking River Cruises, Inc. v. Moriana*, 142 S. Ct. 1906, 1919, *reh'g denied*, 143 S. Ct. 60 (2022)) (emphasis added and internal quotations removed). The Louisiana Supreme Court has also stated that "[a]n arbitration clause has been characterized by this court as a *type of venue selection clause*." *Donelon v. Shilling*, 2019-00514 (La. 4/27/20), 340 So. 3d 786, 790 n.6 (emphasis added); *see also Hodges v. Reasonover*, 2012-0043 (La. 7/2/12), 103 So. 3d 1069, 1076 (citing approvingly of a Fifth Circuit case describing an arbitration clause as a type of forum selection clause and explaining that "[a]n arbitration clause does not inherently limit or alter either party's substantive rights; it simply provides for an *alternative venue* for the resolution of disputes.") (citing *Ginter ex rel. Ballard v.*

4

*Belcher, Prendergast & Laporte*, 536 F.3d 439 (5th Cir. 2008) (emphasis added). Additionally, Louisiana circuit courts have recognized that "[a]n arbitration agreement is a '*kind of forum selection clause.*'" *Stadtlander v. Ryan's Fam. Steakhouses, Inc.*, 794 So. 2d 881, 890, *writ denied*, 794 So. 2d 790 (La. 6/22/01) (quoting *Scherk v. Alberto–Culver Co.*, 417 U.S. 506, 519 (1974)) (emphasis added). Thus, Louisiana law recognizes arbitration clauses as a type of forum selection clause. *See Ramsey*, 2023 WL 5034646, at *4 (holding in an analogous case that it "must treat the arbitration clause as a venue or forum selection clause" based on its review of Louisiana case law); *Bourgeois*, 2023 WL 6644171, at *2 ("[A]pplying these [Louisiana] precedents, the plain language of Section D, which explicitly includes forum selection clauses, also encompasses arbitration clauses.").

Having so concluded, it is a simple matter of statutory application for this Court to decide ISIC's instant motion. Although generally prohibited in Louisiana insurance contracts under LA R.S. 22:868(A), LA R.S. 22:868(D) allows surplus lines insurers to include forum and venue selection clauses in their policies. Louisiana courts explicitly recognize arbitration clauses as a type of forum selection clause. Surplus lines insurers are thus not prohibited from including arbitration clauses in their policies. ISIC is a surplus lines insurer. Therefore, Louisiana law does not prohibit the enforcement of the Contract's arbitration clause: it is binding, and Queens must arbitrate its claims against ISIC.

## III.   CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant Independent Specialty Insurance Company's Motion to Compel Arbitration, R. Doc. 12, is **GRANTED**.

**IT IS FURTHER ORDERED** that ISIC's Motion to Stay Pending this Court's ruling on the Motion to Compel Arbitration, R. Doc. 20, is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the above-captioned matter is **STAYED** and **ADMINISTRATIVELY CLOSED** pending culmination of the parties' arbitration of this dispute. If necessary, any party may move to reopen this matter within thirty days of the conclusion of arbitration.

New Orleans, Louisiana, this 31st day of October, 2023.

Greg Gerard Guidry
United States District Judge