UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| QUEENS BEAUTY SUPPLY, LLC | CIVIL ACTION NO. 22-3444 |
| VERSUS | JUDGE GREG G. GUIDRY |
| INDEPENDENT SPECIALTY INSURANCE COMPANY | MAGISTRATE JUDGE DONNA PHILLIPS CURRAULT |

### ORDER AND REASONS

The Court has before it Plaintiff Queens Beauty Supply, LLC's Motion for Reconsideration, R. Doc. 26, of this Court's order granting Defendant Independent Specialty Insurance Company's ("ISIC") motion to compel arbitration, R. Doc. 25. Defendant has filed a brief in opposition. R. Doc. 27. Having considered the parties' arguments and the applicable facts and law, the Court will DENY Plaintiff's Motion.

As the Fifth Circuit has explained, "[a] motion for reconsideration may not be used to rehash rejected arguments or introduce new arguments." *LeClerc v. Webb*, 419 F.3d 405, n.13 (5th Cir. 2005). In the instant Motion for Reconsideration, Plaintiff merely reasserts the same arguments it made in opposition to ISIC's motion to compel arbitration. *See* R. Docs. 21; 26-1. The Court has already considered and rejected those arguments, and finds no compelling reason to now consider them for a second time.

In the alternative, Plaintiff asks the Court to certify its order granting ISIC's motion to compel arbitration for immediate appeal pursuant to 28 U.S.C. § 1292(b). Section 1292(b) provides that a district court may certify an otherwise non-appealable order for immediate appeal if it involves a "controlling question of law as to which there is substantial ground for difference of

1

opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." "A district court cannot certify an order for interlocutory appeal unless all three criteria are present." *David v. Signal Int'l, LLC*, 37 F. Supp. 3d 836, 839 (E.D. La. 2014) (citing *Aparicio v. Swan Lake*, 643 F.2d 1109, 1110 n.2 (5th Cir. 1981)). Such certifications are appropriate only in exceptional cases. *Fairfield Royalty Co. v. Island Operating Co., Inc.*, 2011 WL 6140665, at *2 (E.D. La. Dec. 9, 2011) (citing *United States v. Garner*, 749 F.2d 281, 286 (5th Cir. 1985)).

In light of "Congress's clear intent, in the [Federal] Arbitration Act, to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible[,]" *Moses H. Cone Memorial Hosp. v. Mercury Construction Corp.*, 460 U.S. 1, 22 (1983), courts have recognized Section 1292(b) certification to be particularly disfavored for orders compelling arbitration because "[r]outine interlocutory appellate consideration of stays pending arbitration would frustrate both that policy and the long-standing federal policy against piecemeal review." *Commonwealth Ins. Co. v. Underwriters, Inc.*, 846 F.2d 196, 199 (3d Cir. 1988); *see also Al Russhaid v. Nat'l. Oilwell Varco, Inc.*, 814 F.3d 300, 303 (5th Cir. 2016).

It is uncontested that the instant issue involves a controlling question of law. However, even assuming that there is a substantial ground for difference of opinion as to whether Plaintiff must arbitrate its claims against ISIC, Plaintiff has not shown that allowing it immediately to appeal this Court's order compelling arbitration would materially advance the ultimate termination of this litigation. Material advancement exists when the appeal "would eliminate the need for trial, simplify the issues for trial, or reduce the burden of discovery." *David v. Signal Int'l, LLC*, 37 F. Supp. 3d 836, 839 (E.D. La. 2014). As to that prong, Plaintiff argues only "should the Order be reversed, this matter would either proceed to a single trial that would dispose of all of the claims

brought by Plaintiff . . . or it may be resolved via the Streamlined Settlement Protocol." R. Doc. 26 at 10. But, in the absence of an appeal, this matter will immediately proceed toward speedy resolution via arbitration, in accord with Congress's intent. Thus, as another section of this Court recently explained when denying Section 1292(b) certification in a substantially identical circumstance, in which the plaintiffs raised the same argument, "[r]ather than simplifying issues and procedure, an appeal would do just the opposite, and thereby, counteract the purpose of arbitration." *Ramsey, et al. v. Independent Specialty Insurance Company, et al.*, No. 2:23-cv-00632 – Document 26, at 9 (E.D. La. December 11, 2023). The Section 1292(b) criteria are not met here, and the Court cannot grant Plaintiff's request to certify its order compelling arbitration in this matter for immediate appeal. Accordingly;

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motion for Reconsideration, R. Doc. 26, is **DENIED**.

New Orleans, Louisiana, this 20th day of December, 2023.

_____
Greg Gerard Guidry
United States District Judge